**ROECA, LOUIE & HIRAOKA**
A Limited Liability Law Partnership, LLP

KEITH K. HIRAOKA      3423-0
*khiraoka@rlhlaw.com*
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawai'i        96813-3917
Telephone:  (808) 538-7500
Facsimile:   (808) 521-9648

Attorney for Defendant
GENERAL STAR INDEMNITY COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| GAIL SPICUZZA, | ) | **1:04-CV-00205-DAE-BMK** |
| | ) | |
| Plaintiff, | ) | PRETRIAL STATEMENT; |
| | ) | EXHIBITS "1" through "10"; |
| vs. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| GENERAL STAR INDEM. CO., | ) | Trial: December 5, 2006 |
| | ) | |
| Defendant. | ) | |
| | ) | |

336-38 *PTS.wpd*

## PRETRIAL STATEMENT

**PARTY**

Defendant GENERAL STAR INDEMNITY COMPANY ("GSIC") submits its Pretrial Statement pursuant to LR16.6.

### JURISDICTION AND VENUE

No party disputes that there is federal subject matter jurisdiction under 28 U.S.C. §1332(a)(1) or that venue is appropriate under 28 U.S.C. §1391(a) and (c).

### SUBSTANCE OF ACTION

This is an insurance coverage and "bad faith" action. On December 21, 2000, a claim against Gail Spicuzza was submitted to arbitration before the National Association of Securities Dealers (the "NASD Arbitration"). Spicuzza tendered the defense of the NASD Arbitration to GSIC. GSIC declined the tender. An arbitration award against Spicuzza was entered on February 10, 2003. In this case Spicuzza makes the following claims: **(1)** breach of duty to defend; **(2)** breach of duty to settle; **(3)** breach of duty to indemnify; and **(4)** insurance bad faith.

### UNDISPUTED FACTS

The parties have stipulated to the following facts and exhibits:

1. On or about May 29, 1998, the Estate of Theodore Magnus Lockrem made a demand that Spicuzza (also known as Gail Spicuzza-Zorn) repay loans made to Spicuzza by Lockrem. Exhibit 1 (S00002) is a true and correct copy of the demand letter received by Spicuzza.

2. On or about December 21, 2000, Linda Arana, as Executor of the Estate of Theodore Lockrem, submitted a First Amended Statement of Claim to the National Association of Securities Dealers. Spicuzza

was named as a respondent. Exhibit 2 (GS00046-75) is a true and correct copy of Arana's First Amended Statement of Claim.

3. GSIC issued Insurance Company Errors and Omissions Insurance Policy no. IYA271202-6 to The Prudential Insurance Company of America for the policy period February 1, 1997 until February 1, 1998. Exhibit 3 (GS01992-2004) is a true and correct copy of the insurance policy.

4. By letter dated February 7, 2001, Spicuzza tendered the defense of the Arana claim to General Star. Exhibit 4 (GS00042-75) is a true and correct copy of the tender letter.

5. On February 14, 2001, Spicuzza executed a declaration. Exhibit 5 (S00080-82) is a true and correct copy of the Declaration of Gail Spicuzza.

6. By letter dated March 28, 2001, General Star declined Spicuzza's tender of defense. Exhibit 6 (GS00093-100) is a true and correct copy of the declination letter.

7. A second declination letter was sent by General Star to Spicuzza on October 26, 2001. Exhibit 7 (GS00152-57) is a true and correct copy of the second declination letter.

8. A third declination letter was sent by General Star to Spicuzza on November 14, 2001. Exhibit 8 (GS00182-193) is a true and correct copy of the third declination letter.

9. On April 3, 2002, the United States District Court for the Central District of California entered Findings of Fact and Conclusions of Law in ***Pruco Securities Corp. v. Arana***, CV-01-02881 WMB (Shx). Exhibit 9 (S00247-253) is a true and correct copy of the Findings of Fact and Conclusions of Law.

10. On February 10, 2003, an award was issued in the NASD Arbitration. Exhibit 10 (S00406-414) is a true and correct copy of the Award.

**DISPUTED ISSUES**

- GSIC disputes that Spicuzza qualifies as an "insured agent" under the insurance policy at issue in this case.

- GSIC disputes that the claim against Spicuzza was first made during the policy period at issue in this case.

- GSIC disputes that the claim against Spicuzza was first reported to GSIC during the policy period at issue in this case.

- GSIC disputes that the claim against Spicuzza arose from the sale or servicing of life, accident, health or disability insurance products.

- GSIC disputes that this lawsuit was filed before the statute of limitations applicable to Spicuzza's bad faith claim expired.

- GSIC disputes that it acted in bad faith.

- GSIC disputes the amount of Spicuzza's alleged damages.

**RELIEF PRAYED**

GSIC has not requested affirmative relief other than an award of attorney's fees and costs.

**POINTS OF LAW**

- Under Hawai‘i law, the construction of insurance contract provisions is a question of law. ***Ranger v. State Farm Ins. Cos.***, 333 F.Supp.2d 935, 937-38 (D.Haw. 2004) (citation omitted).

- With respect to a liability insurer's duty to defend, "Hawaii adheres to the 'complaint allegation rule.' The focus is on the alleged claims

and facts.  The duty to defend 'is limited to situations where the pleadings have alleged claims for relief which fall within the terms for coverage of the insurance contract. 'Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend.' "***Burlington Ins. Co. v. Oceanic Design & Construction, Inc.***, 383 F.3d 940, 944-45 (9th Cir. 2004) (citations omitted).

- The person seeking insurance coverage has the burden of proving coverage under the terms of the insurance policy. ***Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawaii, Ltd.***, 76 Hawaiʻi 277, 292 n.13, 875 P.2d 894, 909 n.13 (1994).

- Coverage under a "claims made" policy is triggered by the presentation of a claim during the policy term regardless of when the event insured against took place. ***Sentinel Ins. Co., Ltd. v. First Ins. Co. of Hawaii, Ltd.***, 76 Hawaiʻi 277, 288, 875 P.2d 894, 905 (1994) (*citing* Annotation, ***Event as Occurring Within Period of Coverage of "Occurrence" And "Discovery" Or "Claims Made" Liability Policies***, 37 A.L.R.4th 382, 390 (1985)).  *See also*, ***Pacific Employers Ins. Co. v. Superior Court***, 221 Cal.App.3d 1348, 270 Cal.Rptr. 779 (1990) (policy covering "claim first made against the Insured and reported to the company during the policy period" did not cover claim made against insured during policy period where insured did not notify insurer of claim until after policy expired); ***Zuckerman v. National Union Fire Ins. Co.***, 100 N.J. 304, 495 A.2d 395 (1985) (policy covering "claims first made against the insured and reported to the company during the policy period" did not cover claim where insured was served with summons and complaint during policy period but did not notify insurer until after policy expired).

- The statute of limitations applicable to the tort of bad faith is set forth in HRS § 657-7 (1993). ***Christiansen v. First Ins. Co. of Hawaii, Ltd.***, 88 Hawaiʻi 442, 450, 967 P.2d 639, 647 (App. 1998), *reversed in part on other grounds*, 88 Hawaiʻi 136, 963 P.2d 345 (1998).  The statute provides:

>**Damage to persons or property.** Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within *two years* after the cause of action accrued, and not after, except as provided in section 657-13 [regarding infancy, insanity and imprisonment].

(bold italics added).

- To determine when a cause of action accrues, Hawaiʻi applies the "discovery rule." **Blair v. Ing,** 95 Hawaiʻi 247, 264, 21 P.3d 452, 469 (2001).

- Under the discovery rule, "a cause of action does not 'accrue,' and the limitations period therefore does not begin to run, until the plaintiff knew or should have known of the defendant's negligence." **Hays v. City and County of Honolulu**, 81 Hawaiʻi 391, 393, 917 P.2d 718, 720 (1996). Specifically, the plaintiff must have discovered or with reasonable diligence should have discovered: (1) the negligent act or omission; (2) the damage; and (3) the causal relationship between the negligent act or omission and the damage. *See* **Yamaguchi v. Queen's Medical Center**, 65 Haw. 84, 90, 648 P.2d 689, 693-94 (1982).

- Under the discovery rule, a plaintiff need only have factual knowledge of the elements necessary for an actionable claim. **Buck v. Miles**, 89 Hawaiʻi 244, 250, 971 P.2d 717, 723 (1999). "In other words, an essential part of an injured plaintiff's duty of diligence regarding the timely prosecution of his or her claim imposed by a statute of limitations is to seek legal advice regarding the presence and/or viability of a potential claim; a plaintiff's failure to seek legal advice from an attorney will not alone entitle the plaintiff to respite from a statute of limitations[.]" **Hays**, *supra,* 81 Hawaiʻi at 399, 917 P.2d at 726.

**PREVIOUS MOTIONS**

- GSIC moved to transfer venue to the Central District of California. The motion was denied by order entered on August 24, 2004.

- Plaintiff filed a motion for partial summary judgment on the duty to defend. GSIC filed a motion for summary judgment on the duty to defend and a motion for partial summary judgment on Plaintiff's bad faith claim. By order entered on June 13, 2005, all three motions were denied based upon the existence of genuine issues of material fact.

- GSIC moved for partial reconsideration of the June 13, 2005 order. By order entered on November 1, 2005, reconsideration was denied. The order stated that "genuine issues of material fact remain regarding when the injury was discovered as well as if and when the claim ripened to the point of bad faith." The order did not specifically identify which genuine issues of material fact existed regarding the duty to defend, duty to settle or duty to indemnify.

**WITNESSES TO BE CALLED**

NICHOLAS J. FANELLI
General Star Management Company
550 S. Hope Street, Suite 700
Los Angeles, CA  90071-2648

Mr. Fanelli was involved in the handling of Spicuzza's tender of defense.

TED L. GAISFORD
General Star Management Company
550 S. Hope Street, Suite 700
Los Angeles, CA  90071-2648

Mr. Gaisford was involved in the handling of Spicuzza's tender of defense.

COLLEEN A. SHEA (fka Colleen A. Leech)
Fairfield Insurance Company
550 S. Hope Street, Suite 600
Los Angeles, CA 90071

Ms. Shea was involved in the handling of Spicuzza's tender of defense.

ALAN H. BARBANEL
Barbanel & Treuer, P.C.
1925 Century Park East, Ste. 350
Los Angeles, CA 90067

Coverage counsel for General Star.

CAROLYN P. BELL
8700 Beverly Boulevard, TSB 130
Los Angeles, CA

Coverage counsel for General Star.

AMY L. DANTZLER
728 1/2 South Dunsmuir Avenue
Los Angeles, California 90036

Coverage counsel for General Star.

THOMAS E. GREIFF
Sonnenschein Nath & Rosenthal LLP
601 South Figueroa St., Ste. 1500
Los Angeles, CA 90017

Coverage counsel for General Star.

**EXHIBITS, SCHEDULES AND SUMMARIES**

None other than the stipulated exhibits attached hereto.

### **FURTHER DISCOVERY OR MOTIONS**

Discovery has been completed. No further motions are anticipated by GSIC.

### **STIPULATIONS**

None other than the stipulated facts recited above and stipulated exhibits attached hereto.

### **AMENDMENTS, DISMISSALS**

No amendments to pleadings or dismissals of parties, claims or defenses are anticipated by GSIC.

### **SETTLEMENT DISCUSSIONS**

There have been no formal settlement negotiations, but the parties counsel have communicated about discussing a settlement of this case.

### **AGREED STATEMENT**

Except for the stipulated facts recited above and stipulated exhibits attached hereto, the presentation of the action upon an agreed statement of facts is neither feasible nor desired by GSIC.

### BIFURCATION, SEPARATE TRIAL OF ISSUES

Neither bifurcation nor a separate trial of specific issues is feasible or desired by GSIC.

### REFERENCE TO MASTER OR MAGISTRATE

The parties previously submitted a stipulation to trial by a magistrate judge, but the Court rejected the stipulation.

### APPOINTMENT AND LIMITATION OF EXPERTS

Appointment by the Court of an impartial expert witness is neither feasible nor desired.

### TRIAL

Jury-waived trial is scheduled for December 5, 2006.

### ESTIMATE OF TRIAL TIME

GSIC does not have an estimate of the number of court days required for Plaintiff's case-in-chief. GSIC estimates that its case-in-chief can be presented in two trial days.

**CLAIMS OF PRIVILEGE OR WORK PRODUCT**

GSIC does not claim that any of the matters required to be stated by LR16.6 is covered by the work product or other privilege.

**MISCELLANEOUS**

None.

Dated:  Honolulu, Hawaiʻi, Tuesday, October 17, 2006.

/s/ Keith K. Hiraoka
KEITH K. HIRAOKA
Attorney for Defendant
GENERAL STAR INDEMNITY COMPANY