

**GENERAL STAR**

General Star Management Company
550 South Hope, Suite 700
Los Angeles, CA 90071
Broker ID# OB14266
213 236-1735
213 630-1957 Facsimile
Internet: cleech@genre.com

March 28, 2001

**Colleen A. Leech**
Assistant Vice President

**CERTIFIED
RETURN RECEIPT REQUESTED**

Gail Spicuzza
 c/o John A. Bender, Esq.
**Weiss Jensen Ellis & Howard**
2600 Pike Tower
520 Pike Street
Seattle, WA 98101

RE:   *Linda Arana V. Purco Securities and Gail Spicuzza*

| | | |
|---|---|---|
| NASD Case No. | : | 00-04488 |
| Insured | : | Prudential Insurance Company |
| Claim No. | : | GS112018 |
| Claimant | : | Linda Arana |
| Date of Loss | : | October 1, 1997 |

Dear Ms. Spicuzza:

On February 7, 2001, Gail Spicuzza tendered to General Star Indemnity Company ("General Star") a complaint for arbitration which had been filed against her on January 19, 2001, by Linda Arana, executor of the estate of her father, Theodore Lockrem, and captioned *Linda Arana v. Pruco Securities Corp., Prudential Securities, Inc. and Gail Spicuzza*, National Association of Securities Dealers ("NASD") case number 00-04488 ("*Arana Action*"). Ms. Spicuzza tendered the *Arana Action* for defense and indemnity under General Star's Professional Liability Policy for Insurance Agents and Brokers number IYA271921-2, issued to Prudential Insurance Company of America ("Prudential") effective February 1, 1997 to February 1, 1998 ("Policy").

EXHIBIT "L"

GS00093


**GENERAL STAR**

Gail Spicuzza
RE:   *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 2

General Star has determined that there is no potential for coverage for the *Arana Action* and that it, therefore, has no duty to defend or indemnify Ms. Spicuzza in that action.

## STATEMENT OF FACTS

Ms. Spicuzza is a fifty-one year old, unmarried woman who, at all relevant times, operated the Angel Inn, a bed and breakfast resort in Princeville, Kauai, Hawaii. Ms. Spicuzza obtained her Series Seven license in 1990 and, in approximately 1992, she became a registered representative of Pruco Securities Corp.("Pruco"). The complaint alleges that her income was approximately $20,000 per year.

In 1996, Theodore Lockrem was 71 years old and a widower living in Page, Arizona. He was losing his vision at that time and could not drive. Mr. Lockrem traveled to Kauai in the summer of 1996 and met Ms. Spicuzza through mutual friends on the island. A personal relationship developed between Ms. Spicuzza and Mr. Lockrem which was continued through correspondence and telephone calls after Mr. Lockrem returned to Arizona. Mr. Lockrem returned to Kauai to visit Ms. Spicuzza for the month of January, 1997. In July, 1997, after selling his home in Arizona, Mr. Lockrem moved to Hawaii and took up residence with Ms. Spicuzza.

Prior to moving to Kauai, Mr. Lockrem made payments of approximately $90,000 to reduce the balance of Ms. Spicuzza's mortgage. When he moved to Kauai, Mr. Lockrem opened a joint savings account, with right of survivorship, at the local credit union. Ms. Spicuzza was the joint owner of the account. Mr. Lockrem deposited approximately $100,000 into this joint account.

GS00094


**GENERAL STAR**

Gail Spicuzza
RE: *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 3

Just prior to Mr. Lockrem moving to Kauai, Ms. Spicuzza took a Wade Cook investment seminar to learn to invest in stock options. On a recommendation by Wade Cook, Ms. Spicuzza opened a personal investment account with Securities Service Network ("SSN"). Pursuant to NASD guidelines, in July, 1997, Ms. Spicuzza informed Pruco of her personal investment accounts. All of the accounts Ms. Spicuzza opened were in her name alone. Ms. Spicuzza used the money in the joint credit union account for her investments.

Mr. Lockrem committed suicide in October, 1997. He left a suicide note which identified a general dissatisfaction with life, the difficulty of his loss of vision and his unrequited love for Ms. Spicuzza as reasons for his act. At the time of his death, the joint account had a balance of $3,600 and the investments had not been successful. Ms. Spicuzza sued SSN to recover her lost investments without success.

The *Arana Action* was brought against Ms. Spicuzza by Mr. Lockrem's daughter and executrix. Pruco and Ms. Spicuzza both filed motions to remove the action from NASD arbitration. Ms. Spicuzza's declaration in her motion to remove the *Arana Action* to state court states that no money from the joint account, or any other sum from Mr. Lockrem, was invested in any Pruco or Prudential account. Ms. Spicuzza further states that Mr. Lockrem was never her customer for insurance or mutual funds (the products she sold at Pruco) and that there was no agreement between them that she would act as an investment counselor. According to Pruco, Mr. Lockrem was never a client of Pruco, he never bought Pruco products, he did not have an account at Pruco, and Pruco never received any income from Mr. Lockrem's investments.



Gail Spicuzza
RE:   *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 4

## POLICY

General Star issued Professional Liability Policy for Insurance Agents and Brokers number IYA271921-2, to Prudential, effective February 1, 1997 to February 1, 1998. The Policy is a claims made policy. There is a $2,000,000 limit of liability for each claim for each Prudential agent, inclusive of Loss and Defense Costs. There is no deductible for claims involving Prudential products but there is a $1,000.00 deductible for claims based on non-Prudential securities.

General Star draws your attention to the following sections of the Policy:

**Section 1, Coverage:**

(A)  The Company agrees to pay on behalf of the "insured agent" such "loss" in excess of the applicable deductible and with in the limit of liability specified in the Declarations sustained by the "insured agent" by reason of liability imposed by law for damages caused the negligent act, error or omission by the "insured agent" or any person for whose acts the "insured agent" is legally liable including any claim for libel, slander or invasion of privacy against the "insured agent", not excluded hereunder arising out the conduct of the business of the insured agent" in rendering professional services for others as:

(2)  a registered representative for Pruco Securities or Prudential Securities. . .

GS00096



Gail Spicuzza
RE:   *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 5

### Section V, Definitions states:

> (A) The term "insured agent" shall mean any licensed agent of the Named Insured [Prudential] who is included on the roster, or subject to inclusion on the next roster, maintained by the Named Insured and used by the Named Insured as the means of certifying the number of agents insured under this policy, including: . . . .

### GENERAL STAR'S POSITION

**A.   There Is No Potential For Coverage Because The Claims Do Not Arise Out Of Ms. Spicuzza's Rendering Of Professional Services As A Registered Representative of Pruco.**

The Policy provides coverage for claims arising out of the rendering of professional services for others as a registered Pruco representative. For coverage to be triggered under the Policy, the professional services must be directly connected with the practice of the profession.

Pruco and Ms. Spicuzza filed motions to remove the *Arana Action* from NASD jurisdiction. Both motions contend that Ms. Spicuzza was not acting in her capacity as a Prudential agent when she invested the money from the joint credit union account. Ms. Spicuzza's sworn testimony is that she did not sell Mr. Lockrem any Pruco products. She further testified that Mr. Lockrem was not a customer and that she did not provide him with any investment counseling. Pruco's motion confirms that Ms. Spicuzza did not sell Mr. Lockrem any Pruco or Prudential products because Mr.



Gail Spicuzza
RE:   *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 6

Lockrem does not appear in any of Pruco records as an owner or customer. The allegations in the *Arana Action* do not contain any facts which are sufficient to refute the sworn testimony of Ms. Spicuzza and Pruco that Ms. Spicuzza's conduct with respect to Mr. Lockrem was of a personal nature rather than directly related to her professional responsibilities as a Pruco agent. Accordingly, there is no potential for coverage for the *Arana Action* because Ms. Spicuzza was not rendering professional services within the scope of her status as a Pruco agent when she invested Mr. Lockrem's funds. General Star, therefore, has no duty to defend or indemnify Ms. Spicuzza in the *Arana Action*.

**B.    There Is No Potential For Coverage Because Ms. Spicuzza Is Not Confirmed As An Agent On Prudential's Roster.**

General Star has not been able to confirm that Ms. Spicuzza appeared on Prudential's roster of agents for the relevant Policy period. Accordingly, until it is confirmed that Ms. Spicuzza was on Prudential's roster, she is not an "insured agent" as that term is defined in the Policy and no coverage is available for the *Arana Action*.

Further limitations and exclusions may be applicable to the *Arans Action*, however, because General Star has concluded that there is no potential for coverage for the *Arana Action*, any discussion of those limitations and exclusions would be purely speculative at this time. Because of the possibility that other limitations and exclusions might apply, General Star specifically reserves its right to decline coverage for the *Arana Action* under any of the terms, conditions, limitations, exclusions, and other provisions of General Star's Policy not specifically referenced in this letter.



Gail Spicuzza
RE:  *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 7

    Because other reasons may exist for which there is no potential for coverage under General Star's Policy, the reasons set forth in this letter for General Star's denial of coverage are not intended to be exclusive and are based only on information available to General Star at the present time. General Star reserves the right to rely upon any additional reasons to deny coverage, as appropriate, in light of any new information provided to General Star.

    General Star also specifically reserves the right to conduct an additional investigation or analysis of the claim if it receives information which was not previously provided. Accordingly, no acts by any of General Star's agents, attorneys, or employees are to be construed as a waiver or operate as an estoppel with respect to any of General Star's rights under the Policy. In addition, no conduct of General Star or its employees, agents, or attorneys is to be construed as a waiver or surrender of any term, condition, limitation, exclusion, or other provision of the Policy.

    Finally, General Star specifically reserves its right to resolve any coverage dispute or contract issue, if necessary, by filing an action for declaratory relief.

    If you have any questions or comments concerning General Star's position, or if you have any information that would suggest that anything set forth in this letter is inaccurate, incorrect, or incomplete, please advise me immediately. General Star will consider any additional information you provide to ensure that the Officers are provided all benefits to which they are entitled, if any, under General Star's Policy with respect to the *Arana Action*.



Gail Spicuzza
RE:  *Linda Arana V. Purco Securities and Gail Spicuzza*
Wed, Mar 28, 2001
Page 8


If you believe this claim has been wrongfully denied by General Star, you may have this matter reviewed by the California Department of Insurance which can be contacted at:

> California Department of Insurance
> Claims Service Bureau
> Eleventh Floor
> 300 South Spring Street
> Los Angeles, CA 90013

Very truly yours,

GENERAL STAR INDEMNITY COMPANY

*[signature]*

fer: Colleen A. Leech

GS00100