**GENERAL STAR**

**General Star Management Company**
550 South Hope Street
Suite 700
Los Angeles, CA 90071-2648
213 630-1930
213 630-1957 Facsimile

October 26, 2001

*Certified*
*Return Receipt Requested*

Gail Spicuzza-Zorn
 c/o John A. Bender, Esq.
**HOLLAND & KNIGHT LLP**
2600 Pike Tower
520 Pike Street
Seattle, Washington 98101

RE:  *Linda Arana v Pruco Securities and Gail Spicuzza*

|  |  |  |
|---|---|---|
| Insured | : | Prudential Insurance Company of America |
| Claimant | : | Linda Arana |
| Claim No. | : | GS112018 |
| Policy No. | : | IYA 271202G |
| NASD Case No. | : | 00-04488 |

Dear Ms. Spicuzza-Zorn:

On February 7, 2001, you tendered to General Star Indemnity Company ("General Star") a complaint for arbitration which had been filed against you on January 19, 2001, by Linda Arana, executor of the estate of her father, Theodore Lockrem, and captioned *Linda Arana v. Pruco Securities Corp., Prudential Securities, Inc. and Gail Spicuzza*, National Association of Securities Dealers ("NASD") case number 00-04488 ("*Arana Action*"). Prudential recently informed General Star that until December 31, 1999, you were enrolled under General Star's Professional Liability Policy for Insurance Company Sponsored Coverage For Insurance Agents and Brokers number IYA271202G, issued to Prudential Insurance Company of America ("Prudential") effective February 1, 1999 to February 1, 2000 ("Policy"). Although General Star originally analyzed your claim under a different policy, General Star has now analyzed your claim for defense and indemnity of the *Arana Action* under the new Policy.

General Star has determined that there is no potential for coverage for the *Arana Action* under the Policy and, therefore, General Star has no duty to defend or indemnify you in that action.

### STATEMENT OF FACTS

A.  **Brief Background Facts.**

You formerly operated a bed and breakfast in Hawaii called the Angel Inn. In 1990, you

EXHIBIT "7"

GS00152



Gail Spicuzza-Zorn
October 26, 2001
Page 2


obtained your Series Seven license and in 1992, you became a registered representative of Pruco Securities Corp.("Pruco"). In July, 1997, Ted Lockrem sold his home in Arizona and moved to Hawaii, living in your home. Both you and Arana admit that the relationship between you and Lockrem was of a close personal nature. Lockrem paid $90,000 toward the mortgage on your home and he opened a joint savings account with you at the local credit union with an initial deposit of approximately $100,000.

During the relevant time, you were interested in learning to invest in stock options as taught by the Wade Cook Seminars and you opened a personal account with Securities Service Network ("SSN"). Pursuant to NASD guidelines, in July, 1997, you informed Pruco of your personal investment accounts. You used the money in the joint credit union account for your SSN investments and other personal needs.

Mr. Lockrem committed suicide in October, 1997. At the time of his death, the joint account had a balance of $3,600 and the SSN investments had not been successful. You terminated your relationship with Pruco on December 31, 1999.

  **B.  The Lawsuits.**

The *Arana Action* alleges breach of fiduciary duty, conversion, fraud, elder abuse, unauthorized trading, selling away and negligence. The *Arana Action* also alleges a failure to supervise claim against Pruco. The *Arana Action* was to be arbitrated by the NASD in Los Angeles. On March 7, 2001, the NASD took the position that Lockrem's right to arbitration was an issue which should be decided by the NASD during arbitration and on April 9, 2001, the NASD refused Pruco's request to stay the arbitration pending a court determination of Lockrem's right to arbitrate.

The *Pruco Action* was filed in response to the NASD's refusal to permit a court to determine the right to arbitration. Pruco obtained a preliminary injunction on June 25, 2001, which stayed the NASD arbitration until the Court determines if Lockrem has a right to arbitration his claims against you and Pruco. Trial is set for November 7, 2001.

# THE POLICY

General Star issued Professional Liability Policy for Insurance Company Sponsored Coverage For Insurance Agents and Brokers number IYA271202G, to Prudential, effective February 1, 1999 to February 1, 2000. The Policy is a claims made policy, but an extended claim reporting



Gail Spicuzza-Zorn
October 26, 2001
Page 3

period for agents who terminate their affiliation with Prudential extends the period for certain types of claims for thirty-six (36) months after termination. There is a $2,000,000 limit of liability for each claim for each Prudential agent, inclusive of Loss and Defense Costs. Endorsement #7, allows insured agents to increase the limit of liability to $4,000,000 or $5,000,000 through the payment of additional premium. There is a $1,000.00 deductible applicable to damages only.

General Star draws your attention to the following sections of the Policy:

**Section 1, Coverage:**

As respects both Coverages A and B, this policy will cover claims first made against the "Insured" and reported to the Company during the policy period or any applicable extension period. This policy shall apply to claims arising out of negligent acts, errors or omissions committed prior to the inception date of coverage under this policy, and not excluded hereunder as long as such negligent acts, errors or omissions:

(a) took place while the "insured agent" was licensed with Prudential Insurance Company of America;
(b) the claim was first made against the "insured agent" during the policy period;

\* \* \*

**Section X, Extended Claims Reporting Period:**

The coverage otherwise applicable to any "insured agent" whose affiliation (under contract) with the Named Insured terminates will:

A. continue to apply to claims first made against such "insured agent" for a period of thirty-six (36) months after the termination of such affiliation, but only with respect to claims arising out of negligent acts, errors, or omissions arising out of the sale and/or servicing of covered products committed during the period that the "insured agent" was affiliated with the Named Insured;

# GENERAL STAR'S POSITION

A. <u>There Is No Potential For Coverage Because The Claim Was Not Made During</u>

GS00154



Gail Spicuzza-Zorn
October 26, 2001
Page 4

### The Policy Period.

You left Pruco and were deleted from the Policy on December 31, 1999. Accordingly the last applicable Policy period was under this Policy and that period is February 1, 1999 to February 1, 2000. The *Arana Action* was filed January 19, 2001, almost one year after the Policy expired. You reported the claim to General Star on February 7, 2001. Accordingly, your claim arising out of the *Arana Action* was neither made nor reported to General Star during the Policy period and, therefore, no coverage is available under the Policy.

**B.     There Is No Potential For Coverage Because The Claim Does Not Involve Sales or Service of Products.**

The Extended Claims Reporting Period quoted above permits certain types of claims to be reported to General Star for thirty-six months after the expiration of the Policy period if the insured agent has terminated her relationship with Prudential. Although you terminated your relationship with Prudential in December 31, 1999, and the claim arose approximately one year later, the *Arana Action* does not allege facts which bring this claim within the requirements of the Extended Reporting period.

The *Arana Action* does not allege that you ever actually sold Prudential or Pruco products to Lockrem. Rather, the complaint alleges:

> Spicuzza, a Prudential registered representative, enticed him [Lockrem] to liquidate all assets so that she could invest his money with her upon the representation that his money would be invested with Prudential Securities, Inc. . .

> She represented to him that his money would be invested in stocks and mutual funds." (Complaint, ¶¶7 and 8.)

The *Arana Action* alleges only that you were acting as an investment advisor to Lockrem. The *Arana Action* does not seek recovery for losses incurred in conjunction with Prudential or Pruco investments you actually sold to Lockrem. Rather, the *Arana Action* seeks recovery of losses for investments you allegedly made for Lockrem with SSN. Consistent with the allegations in the *Arana Action*, Prudential and Pruco have submitted evidence which establishes that Lockrem never brought Prudential products. Because the allegations in the *Arana Action* are not for *sales or service* of covered products after the end of the Policy period, the claim arising out of the *Arana Action* is



Gail Spicuzza-Zorn
October 26, 2001
Page 5

not within the requirements of the Extended Reporting period. Accordingly, the claim was not made within the Policy period, *ie.* prior to February 1, 2000, and the Policy will not provide coverage.

---

Further limitations and exclusions may be applicable to the *Arana Action*, however, because General Star has concluded that there is no potential for coverage for the *Arana Action*, any discussion of those limitations and exclusions would be purely speculative at this time. Because of the possibility that other limitations and exclusions might apply, General Star specifically reserves its right to decline coverage for the *Arana Action* under any of the terms, conditions, limitations, exclusions, and other provisions of General Star's Policy not specifically referenced in this letter.

Because other reasons may exist for which there is no potential for coverage under General Star's Policy, the reasons set forth in this letter for General Star's denial of coverage are not intended to be exclusive and are based only on information available to General Star at the present time. General Star reserves the right to rely upon any additional reasons to deny coverage, as appropriate, in light of any new information provided to General Star.

General Star also specifically reserves the right to conduct an additional investigation or analysis of the claim if it receives information which was not previously provided. Accordingly, no acts by any of General Star's agents, attorneys, or employees are to be construed as a waiver or operate as an estoppel with respect to any of General Star's rights under the Policy. In addition, no conduct of General Star or its employees, agents, or attorneys is to be construed as a waiver or surrender of any term, condition, limitation, exclusion, or other provision of the Policy.

Finally, General Star specifically reserves its right to resolve any coverage dispute or contract issue, if necessary, by filing an action for declaratory relief.

If you have any questions or comments concerning General Star's position, or if you have any information that would suggest that anything set forth in this letter is inaccurate, incorrect, or incomplete, please advise me immediately. General Star will consider any additional information you provide to ensure that the Officers are provided all benefits to which they are entitled, if any, under General Star's Policy with respect to the *Arana Action*.

If you believe this claim has been wrongfully denied by General Star, you may have this matter reviewed by the California Department of Insurance which can be contacted at:

GS00156



Gail Spicuzza-Zorn
October 26, 2001
Page 6

                             California Department of Insurance
                                   Claims Service Bureau
                                        Eleventh Floor
                                   300 South Spring Street
                                     Los Angeles, CA 90013

Very truly yours,

GENERAL STAR INDEMNITY COMPANY

*Nicholas J Fanelli*

Nicholas J. Fanelli
Vice President
Claims Examiner

GS00157