# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:
Estate of Theodore Lockrem, Claimant v. Prudential Securities, Inc., Gail Spicuzza-Zorn, and Pruco Securities Corporation, Respondents

Case Number: 00-04488                                   Hearing Site: Las Vegas, Nevada

## REPRESENTATION OF PARTIES

For Claimant:

Samuel Y. Edgerton, Esq.
Nash & Edgerton
Hermosa Beach, California

For Respondents
Prudential Securities Inc. and
Pruco Securities Corporation:

Kimberly Wong, Esq.
Keesal, Young & Logan
Long Beach, California

For Respondent Gail Spicuzza:

Gail Spicuzza-Zorn
Pro Se
Mc Cleary, Washington

## CASE INFORMATION

Statement of Claim filed: November 17, 2000.

Claimant's Uniform Submission Agreement signed: October 30, 2000.

First Amended Statement of Claim filed: December 21, 2000.

Claimant's Amended Uniform Submission Agreement signed: January 22, 2001.

Second Amended Statement of Claim filed: April 26, 2001.

Statement of Answer filed by Respondent Prudential Securities, Inc.: February 1, 2001.

Respondent Prudential Securities, Inc.'s Uniform Submission Agreement signed: Not filed.

Statement of Answer filed by Pruco Securities Corporation: Not filed.

NASD Dispute Resolution
Arbitration No. 00-04488
Award   Page 2 of 6

Respondent Pruco Securities Corporation's Uniform Submission Agreement signed: Not filed.

Statement of Answer by Respondent Gail Spicuzza-Zorn: Not filed.

Respondent Gail Spicuzza-Zorn's Uniform Submission Agreement signed: Not filed.

## CASE SUMMARY

Claimant alleged breach of contract, breach of fiduciary duty, elder abuse, failure to supervise, misrepresentation, non-disclosure, unauthorized trading, omission of facts, conversion, and suitability in the trading purchase and sale of single issue equity securities, covered call options, straight options and naked options.

Respondents Prudential Securities, Inc. denied the allegations of wrongdoing set forth in the Claimant's Statement of Claim.

## RELIEF REQUESTED

Claimant requested $672,000.00 in compensatory damages, $2,000,000.00 in punitive damages, interest at a rate of 10%, and costs, including attorney's fees.

Respondent Prudential Securities, Inc. requested dismissal of the Claimant's Statement of Claim in its entirety.

## OTHER ISSUES CONSIDERED AND DECIDED

Respondent Gail Spicuzza-Zorn did not file with the NASD Dispute Resolution a properly executed submission agreement and failed to file an Answer to the Claimant's Statement of Claim but is required to submit to arbitration pursuant to the Code and having answered the claim, appeared, and testified at the hearing, is bound by the determination of the Panel on all issues submitted.

On January 20, 2001 Respondents filed a motion to dismiss Claimant's Statement of Claim or in the alternative to change venue from Las Vegas to Hawaii. The Arbitration Panel, having reviewed the written and oral submissions of the parties denied both motions on July 17, 2002.

Respondent Pruco Securities Corporation filed, on March 29, 2001, a Complaint for Declaratory and Injunctive Relief in the United States District Court Central District of California. Respondent Pruco Securities Corporation requested that the court enter a declaratory judgment and an injunction against Claimant as follows: 1) that the court declare that the dispute is not

NASD Dispute Resolution
Arbitration No. 00-04488
Award   Page 3 of 6

properly arbitrable before NASD Dispute Resolution, Inc.; and 2) that the court enjoin Claimant from pursuing claims against Pruco before NASD Dispute Resolution.

The United States District Court Central District of California issued an order granting a preliminary injunction against Claimant on June 25, 2001.

The United States District Court Central District of California issued an order lifting the previously issued preliminary injunction and ordered that the matter be arbitrated through NASD Dispute Resolution on April 3, 2002.

On December 13, 2002, Claimant reached settlement on its claims against Respondents Prudential Securities, Inc. and Pruco Securities Corporation and asked that said Respondents be dismissed from this action.

On December 26, 2002, Respondent Gail Spicuzza-Zorn submitted post-hearing documents renewing her objection made at the hearing stating that Claimant's Executor, Linda Arana, had no legal standing to assert Claimants claims in arbitration. The Arbitration Panel, having reviewed the written submissions of the parties and having deliberated on the matter on January 21, 2001, overruled Respondent Spicuzza-Zorn's renewed objection.

The parties agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, testimony, and evidence presented at the hearing, and the post-hearing submissions, the Panel decided in full and final resolution of the issues submitted for determination as follows:

1) Respondent Gail Spicuzza-Zorn is liable to and shall pay Claimant the sum of $16,489.60 in compensatory damages. Compensatory damages take into account the settlement between Claimant and Respondents Prudential Securities Inc. and Pruco Securities Incorporated.
2) Respondent Gail Spicuzza-Zorn is liable to and shall pay Claimant the sum of $53,700.00 in pre-judgment interest.
3) Respondent Gail Spicuzza-Zorn is liable to and shall pay Claimant the sum of $77,500.00 in attorney's fees, pursuant to HHRS §480-13(g)(1).
4) Respondent Gail Spicuzza-Zorn is liable to and shall pay post-judgment interest at a rate of 10% per annum simple interest on the sum of $16,489.60 from December 19, 2002, until the date payment of this Award is made in full.
5) All other relief requested and not expressly granted is denied.

S 00408

NASD Dispute Resolution
Arbitration No. 00-04488
Award   Page 4 of 6

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution received or will collect the non-refundable filing fees for each claim as follows:
    Initial claim filing fee    = $   500.00

### Member Fees
Member fees are assessed to each member firm that is either a party in the matter or an employer of a respondent associated person at the time of the events that gave rise to the dispute, claim, or controversy. Accordingly, the member firms Prudential Securities, Inc., and Pruco Securities Corporation are parties and the following fees are assessed:

**Pruco Securities Corporation:**

| | |
|---|---|
| Member Surcharge | = $ 2,500.00 |
| Pre-Hearing Process Fee | = $   600.00 |
| Hearing Process Fee | = $ 4,500.00 |
| **Total Member Fees** | = $ 7,600.00 |

**Prudential Securities, Inc.:**

| | |
|---|---|
| Member Surcharge | = $ 2,500.00 |
| Pre-Hearing Process Fee | = $   600.00 |
| Hearing Process Fee | = $ 4,500.00 |
| **Total Member Fees** | = $ 7,600.00 |

### Forum Fees and Assessments
The Panel assessed a forum fee for each pre-hearing conference or hearing session conducted. A pre-hearing conference and hearing session is any meeting between the parties and the Chair or the parties and the Panel. The following fees are assessed:

Three (3) Pre-hearing conference sessions with the Panel @ $1,200.00/session    = $ 3,600.00
Pre-hearing conferences:    May 1, 2001    1 session
                              May 30, 2002    1 session
                              July 16, 2002    1 session

NASD Dispute Resolution
Arbitration No. 00-04488
Award    Page 5 of 6

| | | | |
|---|---|---|---|
| Eight (8) Hearing sessions @ $1,200.00/session | | | = $ 9,600.00 |
| Hearings: | December 16, 2002 | 2 sessions | |
| | December 17, 2002 | 2 sessions | |
| | December 18, 2002 | 2 sessions | |
| | December 19, 2002 | 2 sessions | |

**Total Forum Fees**                                                                  = $13,200.00

1. The Panel assessed the entire amount of $13,200.00 in forum fees to Respondent Gail Spicuzza-Zorn.

**Fee Summary**

1. Claimant, Estate of Theodore Lockrem, is charged with the following fees and costs:
   | | |
   |---|---|
   | Initial Filing Fee | = $       500.00 |
   | Total Fees | = $       500.00 |
   | Less payments | = $  (1,700.00) |
   | **Refund Due Claimant Estate of Theodore Lockrem** | = $  (1,200.00) |

2. Respondent, Prudential Securities, Inc. is charged with the following fees and costs:
   | | |
   |---|---|
   | Member Fees | = $   7,600.00 |
   | Total Fees | = $   7,600.00 |
   | Less ayments | =$(12,100.00) |
   | **Refund Due Respondent Prudential Securities, Inc.** | = $  (4,500.00) |

3. Respondent, Pruco Securities Corporation, is charged with the following fees and costs:
   | | |
   |---|---|
   | Member Fees | = $   7,600.00 |
   | Total Fees | = $   7,600.00 |
   | Less payments | =   (14,600.00) |
   | **Refund Due Respondent Pruco Securities Corporation** | = $  (7,000.00) |

4. Respondent, Gail Spicuzza-Zorn, is charged with the following fees and costs
   | | |
   |---|---|
   | Forum Fees | = $ 13,200.00 |
   | Total Fees | = $ 13,200.00 |
   | Less payments | =         (0.00) |
   | **Balance Due NASD Dispute Resolution** | = $ 13,200.00 |

All balances are payable to NASD Dispute Resolution and are due upon the receipt of the Award pursuant to Rule 10330(g) of the Code.

S 00410

NASD Dispute Resolution
Arbitration No. 00-04488
Award   Page 6 of 6

## ARBITRATION PANEL

| | |
|---|---|
| Michael B. Laikin, Esq. | Public Arbitrator, Presiding Chair |
| Thomas L. Flattery, Esq. | Public Arbitrator |
| Vernon Barnum | Non-Public Arbitrator |

**Concurring Arbitrators' Signatures**

_[signature]_                                  2-7-03
MICHAEL B. LAIKIN, ESQ.                        Signature Date
Chair, Public Arbitrator


_____                      _____
THOMAS L. FLATTERY, ESQ.                       Signature Date
Public Arbitrator


_____                      _____
VERNON BARNUM                                  Signature Date
Non-Public Arbitrator




                                               2/10/03
                                               Date of Service


S 00411

FROM :  FAX NO. :  Mar. 28 2003 04:49PM P9

NASD Dispute Resolution
Arbitration No. 00-04488
Award   Page 6 of 6

## ARBITRATION PANEL

| | |
|---|---|
| Michael B. Laikin, Esq. | Public Arbitrator, Presiding Chair |
| Thomas L. Flattery, Esq. | Public Arbitrator |
| Vernon Barnum | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

_____   _____
MICHAEL B. LAIKIN, ESQ.                            Signature Date
Chair, Public Arbitrator

*Thomas L. Flattery*                                    2/8/03
_____   _____
THOMAS L. FLATTERY, ESQ.                        Signature Date
Public Arbitrator

_____   _____
VERNON BARNUM                                         Signature Date
Non-Public Arbitrator


2/10/03
_____
Date of Service

S 00412

NASD Dispute Resolution
Arbitration No. 00-04488
Award   Page 6 of 6

## ARBITRATION PANEL

| | | |
|---|---|---|
| Michael B. Laikin, Esq. | - | *Public Arbitrator, Presiding Chair* |
| Thomas L. Flattery, Esq. | - | *Public Arbitrator* |
| Vernon Barnum | - | *Non-Public Arbitrator* |

### Concurring Arbitrators' Signatures

_____                    _____
MICHAEL B. LAIKIN, ESQ.                          Signature Date
Chair, Public Arbitrator


_____                    _____
THOMAS L. FLATTERY, ESQ.                         Signature Date
Public Arbitrator


*/s/ Vernon Barnum*                              2/10/03
_____                    _____
VERNON BARNUM                                    Signature Date
Non-Public Arbitrator



                                                 2/10/03
                                             _____
                                                 Date of Service


S 00413

FROM :  FAX NO. :  Mar. 28 2003 04:50PM P11



## Proof of Service

State of California, County of Los Angeles

I am employed in the county of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is:

> NASD Dispute Resolution, Inc.
> 300 South Grand Avenue, Suite 900
> Los Angeles, California 90071.

On February 10, 2003, I served the following documents described as:

**Award, Cover Letters, and Invoice Statement for Arbitration Case No. 00-04488** on the interested parties in this action by placing the true copies thereof enclosed in the sealed envelopes as follows:

Samuel Edgerton, Esq. Nash & Edgerton, 2615 Pacific Coast Highway, Suite 322, Hermosa Beach, CA 90254

Kimberly Wong, Esq., Keesal, Young & Logan, 400 Oceangate, Long Beach, CA 90802

Gail Spicuzza, P.O. Box 1469, Mc Cleary, WA 98557

    X    I deposited such envelop in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    ☐    By Personal Service, I caused such envelope to be delivered by hand to the individuals at the addressee(s) listed.

    ☐    By overnight courier, I caused the above-referenced documents to be delivered to an overnight courier service (Federal Express), for delivery to the above addressees.

           By facsimile machine, I caused the above-referenced documents to be transmitted to the above-named persons at the numbers above.

    X    (STATE) I declare under penalty of perjure under the laws of the State of California that the above is true and correct.

    ☐    (FEDERAL) I declare that I am employed in the office of a member of the bar on this court at whose direction the service was made.

Executed this February 10, 2003, at Los Angeles, California

_Yoshawn Prater_

Dispute Resolution, Western Regional Office
300 South Grand Avenue, Suite 900
Los Angeles, CA. 90071-3135
213-613-2680  213-613-2677 FAX

S 00414