**ORIGINAL**

Of Counsel:
CLAY CHAPMAN CRUMPTON IWAMURA & PULICE

| | |
|---|---|
| GERALD S. CLAY | 1439 |
| SCOTT I. BATTERMAN | 5017 |

Topa Financial Center
Suite 2100, Bishop Street Tower
700 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 535-8400
Facsimile: (808) 535-8444
E-mail: sib@paclawteam.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GAIL SPICUZZA,<br><br>    Plaintiff,<br><br>vs.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>    Defendant. | CV 04-00205 DAE BMK<br><br>PLAINTIFF'S PRETRIAL STATEMENT<br><br><br>DATE:    APRIL 4, 2005<br>TIME:    9:45 A.M.<br>JUDGE:   THE HONORABLE<br>         DAVID ALAN EZRA |

#283993 v1 - Pretrial Statement

PLAINTIFF'S PRETRIAL STATEMENT

COME NOW Plaintiff GAIL SPICUZZA, by and through her above-named counsel, and submits her Pretrial Statement, pursuant to Local Rule 16.6.

A.  **Party.**  This Pretrial Statement is filed in behalf of Plaintiff GAIL SPICUZZA, ("Plaintiff" herein).

B. **Jurisdiction and Venue**.  This action was removed to this Court by Defendant, who claims that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum of $75,000 exclusive of interest and the parties are citizens of different states.  Venue exists pursuant to the removal statute.

C. **Substance of Action**.   This is an action to regarding the duty to defend and indemnify with respect to an underlying arbitration proceeding brought against Plaintiff, and for bad faith by Defendant in refusing to do so.

Between February 1, 1997 and February 1, 1998, Ms. Spicuzza, as a registered representative of Pruco in the State of Hawaii, was insured under Defendant's Insurance Company Errors and Omissions Insurance Policy, (the "Policy").  The policy was renewed annually during the full time of Ms. Spicuzza's employment with Pruco.  The Policy imposed both a duty to indemnify and a broader duty to defend.

On or about May 29, 1988, counsel for the Estate of Theodore Lockrem wrote to Ms. Spicuzza, seeking to recover sums that had been given as gifts by Mr. Lockrem to Ms. Spicuzza, which the Estate claimed were personal loans from Mr. Lockrem to Ms. Spicuzza. Nothing in that letter related in any way to any professional relationship between Mr. Lockrem and Ms. Spicuzza, or to any professional services provide to Mr. Lockrem by Ms. Spicuzza.

On or about January 19, 2001, a complaint for arbitration was served on Ms. Spicuzza by Linda Arana, executor of the estate of her father, Theodore Lockrem, and captioned <u>Linda Arana, Executor vs. Pruco Securities Corp., Prudential Securities, Inc. and Gail Spicuzza</u>, NASD Case No. 00-04488 (the "Underlying Action"). The complaint included counts which were specifically covered by the Policy, triggering a duty to defend.

On or about February 7, 2001, Ms. Spicuzza tendered the Complaint for Arbitration to Defendant Insurance Company. Defendant disclaimed coverage.

**D.** **Undisputed Facts.** The parties stipulated to the following undisputed facts:

1. On or about May 29, 1998, the Estate of Theodore Magnus Lockrem made a demand that Spicuzza (also known as Gail Spicuzza-Zorn) repay loans made to Spicuzza by Lockrem. Exhibit 1 to Joint Stipulation of Facts (S00002) is a true and correct copy of the demand letter received by Spicuzza.

2. On or about December 21, 2000, Linda Arana, as Executor of the Estate of Theodore Lockrem, submitted a First Amended Statement of Claim to the National Association of Securities Dealers. Spicuzza was named as a respondent. Exhibit 2 to Joint Stipulation of Facts (GS00046-75) is a true and correct copy of Arana's First Amended Statement of Claim. The proceeding will be referred to as the "NASD Arbitration."

3. General Star issued Insurance Company Errors and Omissions Insurance Policy no. IYA271202-6 to The Prudential Insurance Company of America for the policy period February 1, 1997 until February 1, 1998. Exhibit 3 to Joint Stipulation of Facts (GS01992-2004) is a true and correct copy of the insurance policy.

4. By letter dated February 7, 2001, Spicuzza tendered the defense of the Arana claim to General Star. Exhibit 4 to Joint Stipulation of Facts (GS00042-75) is a true and correct copy of the tender letter.

5. On February 14, 2001, Spicuzza executed a declaration. Exhibit 5 to Joint Stipulation of Facts (S00080-82) is a true and correct copy of the Declaration of Gail Spicuzza.

6. By letter dated March 28, 2001, General Star declined Spicuzza's tender of defense. Exhibit 6 to Joint Stipulation of Facts (GS00093-100) is a true and correct copy of the declination letter.

7. A second declination letter was sent by General Star to Spicuzza on October 26, 2001. Exhibit 7 to Joint Stipulation of Facts (GS00152-57) is a true and correct copy of the second declination letter.

8. A third declination letter was sent by General Star to Spicuzza on November 14, 2001. Exhibit 8 to Joint Stipulation of Facts (GS00182-193) is a true and correct copy of the third declination letter.

9.   On April 3, 2002, the United States District Court for the Central District of California entered Findings of Fact and Conclusions of Law in *Pruco Securities Corp. v. Arana*, CV-01-02881 WMB (Shx). Exhibit 9 to Joint Stipulation of Facts (S00247-253) is a true and correct copy of the Findings of Fact and Conclusions of Law.

10.  On February 10, 2003, an award was issued in the NASD Arbitration. Exhibit 10 to Joint Stipulation of Facts (S00406-414) is a true and correct copy of the Award.

### E.   Main Disputed Factual Issues.

1.   <u>Status as Insured</u>. Defendant claims that Plaintiff was not an enrolled agent, covered by the insurance policy. Plaintiff was informed by Pruco that she was covered by the policy, and in fact paid a premium to General Star, which was deducted from her payroll, demonstrating her status as an enrolled agent.

2.   <u>Timeliness of Claim</u>. Defendant asserts that the claim was not made or reported during the policy period. The language of the policy provides that the claim may be made and reported during the extended policy period. That extended policy period applies to "claims first made . . .against such 'insured agent' for a period of thirty-six (36) months the termination of such affiliation".

Defendant asserts that this provision does not apply, because Plaintiff's affiliation with Pruco did not terminate while the insurance policy was still in effect. Defendant has cited no language in the policy that adds this requirement. The only requirements are: that the negligent act happen **while** the policy was still in effect and that the claim was made and reported within 36 months after termination. Both conditions were met here.

### F. Relief Prayed:

1. SPECIAL DAMAGES

| | |
|---|---:|
| Legal Fees Paid re NASD Arbitration | $ 41,286.99 |
| Legal Fees owing re NASD Arbitration | 18,221.78 |
| Costs and expenses incurred re NASD Arbitration (itemized below) | 21,085.21 |
| Award | 147,689.60 |
| TOTAL SPECIAL DAMAGES | $228,283.58 |

| Itemized Expenses | | |
|---|---|---:|
| Date | Item | Amount |
| 1/2/01 | USDC District Court | $ 105.00 |
| 6/2/01 | Fifth Circuit Court | $ 3.50 |
| 5/18/01 | Alaska Airlines | $ 405.28 |
| 10/10/01 | Post Office | $ 20.00 |
| 10/31/01 | Doubletree Hotel | $ 58.02 |
| 11/29/01 | Delta Air | $ 498.30 |
| 11/30/01 | Cheap Tickets | $ 7.95 |
| 12/14/01 | Doubletree Hotel | $ 94.42 |
| 12/15/01 | Aloha Air | $ 376.50 |
| 1/21/02 | Agent Fee | $ 15.00 |
| 1/21/02 | Northwest Air | $ 519.01 |
| 1/14/02 | Holiday Inns LAX | $ 8.80 |
| 1/18/02 | Winners | $ 50.00 |

| Itemized Expenses | | |
|---|---|---|
| Date | Item | Amount |
| 2/9/02 | Mokihana Travel Service | $ 212.00 |
| 2/12/02 | US Post Office | $ 15.00 |
| 2/7/02 | USPS | $ 52.20 |
| 2/7/02 | USPS | $ 12.58 |
| 3/2/02 | Holiday Inns | $ 71.50 |
| 3/4/02 | Holiday Inns LAX | $ 81.17 |
| 3/6/02 | Avis Rent-A-Car | $ 142.86 |
| 3/6/02 | Holiday Inns LAX AIRP | $ 353.83 |
| 3/7/02 | Holiday Inns LAX AIRP | $ 108.30 |
| 7/3/02 | Delta | $ 666.50 |
| 7/10/02 | United Air | $ 170.71 |
| 11/12/02 | Steve Reese, attorney | $ 100.00 |
| 12/7/02 | Office Depot | $ 31.74 |
| 10/25/02 | Postmaster | $ 26.00 |
| 12/8/02 | Expedia Travel | $ 295.21 |
| 12/8/02 | Alaska Airlines | $ 605.00 |
| 12/14/02 | Kinko's | $ 107.89 |
| 12/15/02 | LV Hilton Coffee Shop | $ 15.82 |
| 12/16/02 | Gordon Biersch | $ 21.64 |
| 12/16/02 | LV Hilton Coffee Shop | $ 24.66 |
| 12/17/02 | LV Hilton Coffee Shop | $ 9.04 |
| 12/17/02 | LV Hilton Coffee Shop | $ 12.73 |
| 12/18/02 | Kinko's | $ 9.70 |
| 12/19/02 | Kinko's | $ 14.07 |
| 12/18/02 | LV Hilton Coffee Shop | $ 13.48 |
| 12/20/02 | LV Hilton Coffee Shop | $ 19.68 |
| 12/21/02 | Residence Inns Hughes | $ 101.89 |
| 12/20/02 | Residence Inns Hughes | $ 5.07 |
| 12/20/02 | LV Hilton Coffee Shop | $ 15.94 |
| 12/20/02 | La Salsa Cantina-Bola | $ 44.38 |
| 12/22/02 | Office Depot | $ 120.92 |
| 1/10/03 | Probate Court | $ 22.00 |
| 2/21/03 | Air Courier Assoc | $ 29.00 |
| 2/24/03 | Cheap Tickets | $ 27.00 |
| 2/24/03 | United Air | $ 536.90 |
| 2/25/03 | Hawaiian Air | $ 541.17 |

| Itemized Expenses | | |
|---|---|---|
| Date | Item | Amount |
| 4/2/03 | Robert O. Kratovil, attorney | $ 247.83 |
| 4/4/03 | Robert O. Kratovil, attorney | $ 752.17 |
| 4/28/03 | Gene Barker, court transcript | $ 60.00 |
| 5/14/03 | Clerk of the District Court | $ 150.00 |
| 9/3/03 | Tope Consulting, paralegals | $ 10,500.00 |
| 10/15/03 | Postmaster | $ 26.00 |
| 10/27/03 | Kim Otis, court transcript | $ 234.50 |
| 11/17/03 | Legal Wings, Inc. | $ 50.00 |
| 1/28/04 | Global Express Travel | $ 20.00 |
| 1/28/04 | Travel Connection | $ 477.90 |
| 2/11/04 | Hawaiian Air | $ 480.70 |
| 2/17/04 | UPPS | $ 4.42 |
| 3/11/04 | Hawaiian Air | $ 474.35 |
| 5/15/04 | Transcript | $ 50.00 |
| 1/1/05 | FedEx | $ 23.70 |
| 1/7/05 | Aloha Airlines | $ 148.00 |
| 3/21/05 | USPS | $ 4.42 |
| 3/21/05 | USPO Status Report to Nev | $ 5.16 |
| 4/14/05 | UPS Air to Appeals Court | $ 21.64 |
| 4/14/05 | USPO Certified to Edgerton | $ 4.48 |
| 4/16/05 | USPO to CA Court | $ 1.98 |
| 9/10/05 | Copies & Mailed | $ 73.49 |
| 9/26/05 | Hawaiian Air | $ 468.30 |
| 10/31/05 | USPS | $ 6.81 |
| TOTAL | | $ 21,085.21 |

2.   General Damages for emotional distress, and the consequences of being forced to defend herself in the arbitration, resulting in an adverse result and the loss of her residence, among other consequences, in an amount to be determined at trial.

3.   Punitive Damages in an amount to be determined at trial.

4.  Interest, Costs and Attorney's Fees, in an amount to be determined at trial.

**G.   Points of Law.** The law regarding the duty to defend and the duty to indemnify is reasonably clear.  The main legal dispute relates to Defendant's assertion that the statute of limitations bars the claim for bad faith. However, in Hawaii, the discovery rule applies to the tort statute of limitations: "a claim first accrues . . . when 'appellant knew, or reasonably should have known, that an actionable wrong ha[s] been committed[.]'" Vail v. Employees' Retirement System of State, 75 Haw. 42, 55, 856 P.2d 1227, 1235 (Haw. 1993)(citation omitted).

This rule applies to claims for professional malpractice, such as legal malpractice. Blair v. Ing, 95 Haw. 247, 266-67, 21 P.3d 452, 471-72 (Haw. 2001). It should also apply to a bad faith claim.  Indeed, other states do apply the discovery rule to such claims.

Moreover, Plaintiff's claim for bad faith here is based on Defendants actions following its receipt of the coverage analysis letter from Mr. Hughes.  As this action was brought less than two years after that letter was provided, it is not time barred.  As the Hawaii Intermediate Court of Appeals ruled in Gamata v. Allstate Ins. Co., 90 Haw. 213, 225, 978 P.2d 179, 192 (Haw. App. 1999)

(emphasis added) (citations omitted), an insurers' failure to consider information, **even post-denial**, can give rise to bad faith liability.

   H. **Previous Motions.** Defendant filed a motion to transfer venue, which was denied. The parties filed cross-motions for summary judgment, which were denied. Defendant filed a motion for reconsideration of the denial of its motion for summary judgment, which was denied.

   I. **Witnesses to be Called.**

   The only witness that Plaintiff will call will be herself. She will authenticate all of the relevant documents, including the payroll stubs and the summary of damages. She will further testify that she was covered by the Policy. She will testify as to the facts regarding the Underlying Action, and the effect on her ability to defend the Underlying Action caused by the failure to defend. She will testify as to the monetary and emotional damages she suffered.

   J. **Exhibits, Schedules, and Summaries**

1. General Star Insurance Company Errors and Omissions Insurance Policy no. IYA271202-6 to The Prudential Insurance Company of America for the policy period February 1, 1997 until February 1, 1998; Exhibit 3 to Joint Stipulation of Facts (GS01992-2004).

2. May 29, 1998, Demand letter from the Estate of Theodore Magnus Lockrem, Exhibit 1 to Joint Stipulation of Facts (S00002).

3.  December 21, 2000, First Amended Statement of Claim to the National Association of Securities Dealers, Exhibit 2 to Joint Stipulation of Facts (GS00046-75).

4.  February 7, 2001, letter by which Spicuzza tendered the defense of the Arana claim to General Star; Exhibit 4 to Joint Stipulation of Facts (GS00042-75).

5.  February 14, 2001, Spicuzza Declaration; Exhibit 5 to Joint Stipulation of Facts (S00080-82).

6.  March 28, 2001 letter from General Star declining Spicuzza's tender of defense; Exhibit 6 to Joint Stipulation of Facts (GS00093-100).

7.  June 25, 2001, letter from Aon Risk Insurance to Gail Spicuzza, confirming coverage.

8.  October 26, 2001, second declination letter from General Star to Spicuzza; Exhibit 7 to Joint Stipulation of Facts (GS00152-57).

9.  November 1, 2001, letter to General Star, requesting reconsideration of declination of coverage.

10. November 14, 2001, third declination letter from General Star to Spicuzza; Exhibit 8 to Joint Stipulation of Facts (GS00182-193).

11. November 19, 2001, letter to General Star, requesting reconsideration of declination of coverage.

12. January 4, 2002, Settlement Conference Statement of General Star in Pruco Securities Corp. v. Arana, CV-01-02881 WMB (United States District Court for the Central District of California).

13. April 3, 2002 Findings of Fact and Conclusions of Law in Pruco Securities Corp. v. Arana, CV-01-02881 WMB (United States District Court for the Central District of California); Exhibit 9 to Joint Stipulation of Facts (S00247-253).

14. May 20, 2002, letter from Roy Hughes to John A. Bender, Esq.

15. May 21., 2002 letter from Johan A. Bender to Barbanel, Treuer and Dantzler.

16. May 24, 2002, letter from Barbanel, Treuer and Dantzler to John A. Bender, Esq.

17. February 10, 2003, award issued in the NASD Arbitration; Exhibit 10 to Joint Stipulation of Facts (S00406-414).

18. E-mail form Michele K. Gerace of AON Financial Services Group, stating that the paper files for 1997 were destroyed on September 11, 2001.

19. Letter dated March 13, 2006, from Cheryl L. Planter-Smith, of the Prudential Insurance Company of America, to Keith Hiraoka.

20. Payroll stubs produced to Defendant.

21. Summary of damages, supported by documents previously produced to Defendant.

**K.   Further Discovery or Motions.**   The deadline for completing discovery has passed.  The deadline for filing dispositive motions has passed.  No other motions are contemplated by Plaintiff.

**L.   Stipulations.**   No other stipulations have been requested or proposed for pretrial or trial purposes.

**M.   Amendments, Dismissals.**   There are no requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

**N.   Settlement Discussion.**   To date, Defendant has refused to consider settlement.

**O.   Agreed Statement.**   Presentation of the action or proceeding, in whole or in part, upon an agreed statement of facts is not feasible or desired, except as to the facts stipulated above.

**P.   Bifurcation, Separate Trial of Issues.**   Bifurcation or a separate trial of specific issues is feasible, but would not be economical or desired.

**Q.   Reference to Master or Magistrate Judge.**   Reference of this proceeding to a magistrate judge was agreed upon by the Parties, but denies by the Court.

R. **Appointment and Limitation of Experts.** Appointment by the court of an impartial expert witness, and limitation of the number of expert witnesses, is not required here.

S. **Trial.** Trial is scheduled for December 5, 2005. This is a jury-waived case.

T. **Estimate of Trial Time.** The trial is anticipated to take no more than 2 or 3 days of trial time.

U. **Claims of Privilege or Work Product.** None of the matters otherwise required to be stated by Local Rule 16 is claimed to be covered by the work product or other privilege.

Dated: Honolulu, Hawaii; October 17, 2006.

/s/ Scott I. Batterman
GERALD S. CLAY
SCOTT I. BATTERMAN
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served by hand on October 17, 2006, to the following party at the address below:

KEITH K. HIRAOKA, ESQ.
Roeca, Louie & Hiraoka
900 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813

Attorney for Defendant

_____
GERALD S. CLAY
SCOTT I. BATTERMAN
Attorneys for Plaintiff